UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN TYLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:20-cv-1459 |
| v. ) | |
| ) | |
| ANGI HOMESERVICES, INC. d/b/a ) | |
| ANGIE'S LIST, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

Plaintiff, Dustin Tyler ("Tyler"), brings this action against his former employer, ANGI Homeservices, Inc. d/b/a Angie's List, Inc. ("Defendant"), alleging violations of his rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

**II. Parties**

1. Tyler has resided within the Southern District of the State of Indiana at all relevant times.

2. Defendant operates its business within the Southern District of Indiana, Indianapolis Division.

**III. Jurisdiction and Venue**

3. Defendant is an "employer" within the meaning of 29 U.S.C. § 2611(4).

4. Tyler was an "employee" within the meaning of 29 U.S.C. § 2611(2).

5. At all relevant times, Tyler was an "eligible employee" as defined by the FMLA.

6. At all relevant time, Defendant employed 50 or more employees within a 75-mile radius of its office in Indianapolis, Indiana.

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 29 U.S.C. § 2617(a)(2).

8. Venue is proper in this Court.

### IV.  Factual Allegations

9. Tyler began working for Defendant in July 2012. At the time of his termination, Tyler was employed as a Senior Solutions Consultant.

10. Throughout his employment, Tyler performed his job duties in a competent and satisfactory manner, carrying out the essential functions of his job.

11. Tyler lives with his fiancé and their two-year-old son.

12. Tyler's fiancé is employed as an Intensive Care Unit nurse. In March 2020, she began treating COVID-19 patients.

13. On or about March 16, 2020, Tyler informed Defendant that he may have been exposed to COVID-19 and that his family was experiencing symptoms consistent with COVID-19 infection.

14. Defendant placed Tyler on a two week, unpaid leave of absence.

15. On or about March 20, 2020, Defendant closed its offices and directed its employees to work from home.

16. In or about late March 2020, Tyler's son's daycare notified Tyler that it would be closed during the month of April due to COVID-19.

17. On or about March 30, 2020, Tyler informed Defendant that he needed leave to provide care for his son.

18. Tyler's actions constitute engagement in protected activity.

19. Defendant provided Tyler with FMLA certification paperwork.

20. Shortly thereafter, Defendant directed Tyler to forego filing for FMLA leave. Defendant informed him that it was placing him on a "temporary layoff beginning April 13, 2020." Defendant further stated that the "layoff is expected to last through April 30, 2020, but may be extended as circumstances require."

21. The evening of April 29, 2020, Defendant contacted Tyler and told him that he needed to report to work, in person at Defendant's Indianapolis office location, at 8:30 A.M. the following day, or he would be immediately terminated.

22. Tyler explained that his son was still exhibiting symptoms consistent with COVID-19 and requested FMLA leave.

23. Defendant informed him that he had no choice – either unequivocally commit to report to work the following day or be immediately terminated.

24. Tyler stated that he should be permitted to request FMLA leave, explained that his wife was scheduled to work the following day, and asked for a reprieve so he could seek legal advice on his FMLA rights.

25. Tyler's actions constitute engagement in protected activity.

26. Defendant informed Tyler that he was terminated and needed to contact Human Resources if he had any further questions.

27. Tyler immediately contacted Defendant's Human Resources department and requested FMLA leave.

28. Tyler's actions constitute engagement in protected activity.

29. Defendant informed Tyler that he was already coded in its system as terminated, and there was nothing that could be done.

30. Tyler has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V.  Cause of Action

## VIOLATIONS OF THE FMLA

31. Tyler hereby incorporates paragraphs 1 – 30 of his Complaint.

32. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

33. Defendant's actions, as alleged above, constitute interference with Tyler's FMLA rights and/or constitute retaliation for requesting and/or taking FMLA-qualifying leave, including when it terminated his employment.

34. Tyler has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

35. Defendant's unlawful actions against Tyler were intentional, willful, and done in reckless disregard of Tyler' rights as protected by the FMLA.

## **VI.  Relief Requested**

WHEREFORE, Plaintiff, Dustin Tyler, by counsel, respectfully requests that this Court find for him and order that:

A. Defendant reinstate Tyler with similar, salary, and seniority, or pay front pay and benefits to Tyler in lieu of reinstatement;

B. Defendant pay lost wages and benefits to Tyler;

C. Defendant pay liquidated damages to Tyler;

D. Defendant pay pre- and post-judgment interest to Tyler;

E. Defendant pay Tyler's attorneys' fees and costs incurred in litigating this action;

F. Defendant pay to Tyler any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Ste. 200
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com

Counsel for Plaintiff, Dustin Tyler

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Dustin Tyler, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

    Respectfully submitted,

    Jason P. Cleveland (24126-53)
    CLEVELAND LEHNER CASSIDY